UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID D. SCHRAUBEN,

    Plaintiff,

v.                                        Case No. 1:11-cv-801
                                           Hon. Robert J. Jonker

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                        /

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB).

Plaintiff was born on August 29, 1965 (AR 157).[1] He has completed the 12th grade (AR 155). Plaintiff had previous employment as a crew leader for a carpet cleaner, a welder, and a laborer (in lawn care, in a sawmill, and building pallets) (AR 86-88, 149). Plaintiff identified his disabling condition as degenerative disc disease (AR 148). Due to this condition, plaintiff asserted that he could not stand or sit for more than 10 to 15 minutes at a time (AR 148).

Plaintiff alleged a disability onset date of December 17, 2003 (AR 148). This was one day after an administrative law judge (ALJ) had previously entered a decision finding that plaintiff was not disabled (AR 30-37). Based on this earlier decision, the ALJ in the present case

---

[1] Citations to the administrative record will be referenced as (AR "page #").

determined that the doctrine of *res judicata* applied to the issue of disability prior to December 16, 2003, the date of the earlier decision (AR 11).[2]

On December 15, 2009, the ALJ reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 11-22). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

**I. LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in

---

[2] The court notes that at the administrative hearing, plaintiff's attorney wanted to amend the disability onset date to "June of 2005" (AR 47-49). The attorney apparently chose this date because it coincided with another claim for DIB which plaintiff filed in July 2005 and which was denied in August 2005 (AR 11). However, for reasons that are not entirely clear from the record, the ALJ used the original onset date of December 17, 2003 (AR 11-13).

the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. § 404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity

3

(determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II. ALJ'S DECISION

The ALJ found that plaintiff's claim failed at the fourth step, with an alternate finding that his claim would also fail at the fifth step. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since the amended alleged onset date of December 17, 2003 through his last insured date of September 30, 2007 (AR 13). At step two, the ALJ found that through the last insured date, plaintiff suffered from the severe impairment of "degenerative disc disease, lumbar and cervical spine" (AR 14). At step three, the ALJ found that through the date last insured, plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 17).

The ALJ decided at the fourth step that through the date last insured, plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with the following restrictions:

> . . . a sit/stand option every 30 minutes up to five minutes but still able to stay on task; lifting a maximum of 20 pounds occasionally and 10 pounds frequently; no climbing ladders, ropes, or scaffolds; no balancing, kneeling, crouching, or crawling; and no repetitive rotation flexation or hyperextension of the neck. In addition, secondary to pain, claimant is limited to unskilled work.

(AR 18). The ALJ further found that through the date last insured, plaintiff could perform his past relevant work as a pallet laborer, which the vocational expert (VE) classified as unskilled and light in exertion (AR 20). In reaching this determination, the ALJ found that this job did not require performance of work-related activities precluded by plaintiff's RFC (AR 20).

While the ALJ found that plaintiff could perform this past relevant work, he made an alternative determination at the fifth step of the sequential process that plaintiff could also perform a significant number of unskilled, light jobs in the national economy (AR 21). Specifically, plaintiff could perform 14,400 jobs in the regional economy (defined as the lower peninsula of the state of Michigan) such as inspector (2,400 jobs), hand packager (5,000 jobs), and production, small product assembly (7,000 jobs) (AR 21-22) Accordingly, the ALJ determined that plaintiff was not under a disability as defined in the Social Security Act at any time from December 17, 2003, the alleged onset date, through September 30, 2007, the date last insured (AR 22).

### III. ANALYSIS

Plaintiff has raised three issues on appeal.

**A.  The ALJ did not meet his mandatory requirement to evaluate and weigh the treating source's medical opinion under 20 C.F.R. § 404.1527(d)(2).**

Plaintiff contends that the ALJ failed to evaluate and weigh the opinions of a treating physician, Marshall L. Wickens, D.O., as expressed in the doctor's medical assessment of ability to perform work related activities (physical) dated November 4, 2009 (AR 569-71). A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

5

substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). An ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). In summary, the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526. Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(d)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Here, Dr. Wickens' assessment was entered into evidence at the administrative hearing as Exhibit 28F (AR 45-46).[3] Although the assessment was prepared on November 4, 2009, more than two years after plaintiff's last insured date, the doctor stated that the deficits set forth in the report were in effect back in 2005 (AR 569-71). The assessment found that plaintiff has severe limitations: he could only sit for 1/2 hour at a time; he could work for only 2 hours in an 8-hour workday with a sit/stand option; he could occasionally lift and carry up to 10 pounds; he could occasionally perform grasping and manipulation; could not push or pull with his arms; he could not

---

[3] Plaintiff points out that two other exhibits (29F and 30F) were admitted into evidence at the hearing but do not appear in the administrative record (i.e., the exhibits end with 28F) (AR 46, 569-71). The court notes that while plaintiff points out that the administrative transcript is "incomplete" as to these exhibits, he does not address the nature of the missing exhibits or seek a reversal based upon their omission. Under these circumstances, the court considers the absence of Exhibits 29F and 30F to be harmless error. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("[n]o principle of administrative law or common sense requires [a reviewing court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result" ).

use his legs or feet for foot controls; he could never bend, twist squat crouch, kneel crawl, stoop or reach above his head; he could never climb stairs or ladders; his ability to feel and his sense of balance were impaired; and he had to avoid unprotected heights, moving machinery, cold or wet weather, and vibration (AR 569-71). While plaintiff could perform grasping and fine manipulation, he could not sit or stand for more than a few minutes at a time without pain and the need for a position change (AR 570). The doctor based his opinion on plaintiff's degenerative disc disease as reflected in MRI's and his history of past neck surgery (AR 569). The doctor explained:

> David's chronic spine problems are permanent and well documented. He cannot ever bend/twist/ squat etc. due to disc disease in spine and degenerative joint disease in spine. This is a permanent condition and will keep him from this type of work.

(AR 570). The doctor also noted that plaintiff "gets sudden onset weakness at times requiring him to sit or he will fall" (AR 571).

The ALJ found that plaintiff began treating with Dr. Wickens on March 7, 2005 (AR 14). At this time, Dr. Wickens noted that plaintiff had been on multiple medications for his back and neck pain, but that pain management was complicated by plaintiff's past history of drug abuse (AR 14). Dr. Wickens prescribed Lexapro, and in April 2005 plaintiff reported that his pain level had improved overall (AR 15). However, at the same time, plaintiff wanted a note from the doctor that he was "unemployable" (AR 15). In October 2005, plaintiff reported that his back pain had increased after he had elected to stop taking Lexapro and then drove with a friend to the Southwest United States (AR 15).

In determining plaintiff's RFC, the ALJ relied on a physical RFC assessment from June 2007 prepared by DDS physician D. Tanna, M.D. (AR 17, 464-71). After reviewing the medical records, Dr. Tanna found: that plaintiff's statements were only partially credible; that he

7

could lift 20 pounds occasionally and 10 pounds frequently; that he could walk or stand for 2 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday; that he had an unlimited ability to push or pull, could occasionally stoop, kneel, crouch, crawl and climb stairs, but could never balance; that he was limited in reaching (including overhead); and that he should avoid exposure to vibrations (AR 464-71). Dr. Tanna acknowledged that plaintiff had a history of two surgical fusions and degenerative disk disease, and while plaintiff claimed certain limitations (unable to tie his shoes and could perform only limited driving and shopping), plaintiff could still cook light meals and perform light housework (AR 469). The ALJ found that Dr. Tanna's opinion was substantially supported and largely consistent with the record as a whole (AR 17).

However, the ALJ did not give any weight - indeed did not even discuss - Dr. Wickens' November 4, 2009 assessment of plaintiff's ability to perform work related activities. As a general rule, while it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, in this case Dr. Wickens' assessment is particularly important because it is the most recent opinion regarding plaintiff's limitations by a treating physician (prepared one day before the administrative hearing) which is at odds with a previous RFC assessment and the ALJ's RFC determination. There are some aspects to Dr. Wickens' opinions which could cause a fact finder to discount it (e.g., the opinion discusses plaintiff's condition in 2005 even though it was prepared in 2009, and the opinion contains extreme limitations with minimal explanation by the doctor). However, this court is not the factfinder and cannot review this evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard*, 889 F.2d at 681. Accordingly, this matter should be reversed and remanded pursuant sentence four of 42 U.S.C. § 405(g). On remand,

the Commissioner should address Dr. Wickens' November 4, 2009 assessment, assign weight to the opinions expressed in that assessment, and articulate good reasons for the weight assigned to it.

> **B. An RFC for a reduced range of light work, as provided by the ALJ, does not account for all of plaintiff's work related limitations caused by his severe impairments.**

A claimant's RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. RFC is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs" on a regular and continuing basis. 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c); *See Cohen v. Secretary of Health and Human Servs.*, 964 F.2d 524, 530 (6th Cir. 1992). Here, plaintiff contends that the ALJ did not account for Dr. Wickens' opinions expressed in the November 4, 2009 assessment in determining his RFC. The court agrees. As previously discussed, the ALJ did not address Dr. Wickens' assessment. Accordingly, on remand, if the ALJ gives weight to Dr. Wickens' opinions set forth in the November 4, 2009 assessment, then the ALJ should re-evaluate plaintiff's RFC in light of those opinions.

> **C. The ALJ improperly denied the claim at Step Four of the Sequential Evaluation Process and the burden of proof should have shifted to the Commissioner.**

The ALJ denied plaintiff's claim at the fourth step of the sequential evaluation, after determining that plaintiff could perform his past relevant work as a pallet laborer, which the vocational expert (VE) classified as unskilled and light in exertion (AR 20). In *D'Angelo v. Commissioner of Social Security*, 475 F. Supp.2d 716 (W.D. Mich. 2007), this court addressed the

9

ALJ's use of VE testimony to assist in determining whether a claimant can perform his or her past relevant work:

> It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). To support a finding that a claimant can perform his or her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers throughout the national economy. *See Studaway v. Secretary of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir.1987); *see also* 20 C.F.R. § 404.1565.
>
> A VE's testimony is not required when the ALJ determines that a claimant is not disabled at step four of the sequential evaluation. *See Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir.2001) (vocational expert testimony is not required until step five of the sequential analysis); *Parker v. Secretary of Health and Human Servs.*, 935 F.2d 270, 1991 WL 100547 at *3 (6th Cir.1991); *Rivera v. Barnhart*, 239 F.Supp.2d 413, 421 (D.Del.2002). However, the ALJ may use a vocational expert's services in determining whether a claimant can perform his past relevant work. 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy"). *See, e.g., Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir.2006) (observing that the ALJ may use a VE's "expert advice" to assist him in deciding whether the claimant can perform his past relevant work at step four of the evaluation).

*D'Angelo*, 475 F.Supp.2d at 723-24.

When the court obtains vocational evidence through the testimony of a VE, the hypothetical questions posed to the VE must accurately portray the claimant's physical and mental limitations. *See Webb v. Commissioner of Social Security*, 368 F.3d 629, 632 (6th Cir. 2004); *Varley*, 820 F.2d at 779. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Secretary of Health and Human Services.*, 927 F.2d 228, 231 (6th Cir. 1990). *See also Stanley v. Secretary of Health and Human Services.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his

hypotheticals"). The ALJ's hypothetical questions did not take Dr. Wickens' November 4, 2009 opinions into account. Until the ALJ reviews Dr. Wickens' opinion, the court cannot evaluate whether the hypothetical questions accurately portrayed plaintiff's physical and mental limitations. Accordingly, on remand, if the ALJ gives weight to Dr. Wickens' opinions set forth in the November 4, 2009 assessment, then the ALJ should re-evaluate the vocational evidence (including hypothetical questions posed to the VE) in light of those opinions.

### IV.     Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner should address Dr. Wickens' November 4, 2009 assessment, assign weight to the opinions expressed in that assessment, and articulate good reasons for the weight assigned to it. In addition, the ALJ should re-evaluate plaintiff's RFC and the vocational evidence (including hypothetical questions posed to the VE) consistent with the weight assigned to Dr. Wickens' assessment.


Dated:  August 3, 2012                                            /s/ Hugh W. Brenneman, Jr.
                                                                                    HUGH W. BRENNEMAN, JR.
                                                                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).